UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CARLOS ALBERTO CUENCA FIGUEREDO,**    Case No.: 3:22-cv-1268-TJC-LLL
        Petitioner/Father,

**v.**

**YAURI DEL CARMEN ROJAS**
        Respondent/Mother,
_____/

**RESPONDENT'S ANSWER TO VERIFIED PETITION, PURSUANT TO THE HAGUE CONVENTION FOR RETURN OF CHILD TO THE COUNTRY OF HABITUAL RESIDENCE**

Respondent, **YAURI DEL CARMEN ROJAS**, by and through her undersigned counsel, hereby files this Answer to Verified Petition, Pursuant to the Hague Convention for Return of Child to the Country of Habitual Residence, and states the following:

**ANSWER**

**I.**    **Introduction**

It is DENIED that the minor child, C.R., has lived continuously with his parents in Venezuela since his birth. The minor child lived with only his Mother at the time of his birth, as the parties separated during April 2015, just prior to the child's birth. The only time frame during which the minor child resided with his Father is when the Mother visited the United States of America in 2020 and was not allowed to return to Venezuela for a period of 7 months due to Covid restrictions. At all other times while in the country of Venezuela, the child has resided with his Mother, with the Father having daytime visitation and no overnights.

It is ADMITTED that the Mother traveled to the Unites States of America on or about March 16, 2021, and advised that Father on or about March 19, 2021, that the minor child, C.R., had traveled with her to the United States of America.

It is DENIED that the Mother refused to disclose C.R's location in the United States. In fact, the Mother informed the Father of the child's location on March 19, 2021 and provided the address along with other contact information to the Father. The Mother is without knowledge as to the self-investigation the Father conducted to determine where she and the minor child were residing in the United States of America and accordingly said allegations are denied.

It is DENIED that the Venezuelan Court awarded the Father sole custody of CR due to the Mother's violation of civil and criminal laws of Venezuela. The Custody matter in Venezuela remains pending at this time.

It is ADMITTED that this Verified Petition is brought pursuant to the Convention, which is an international treaty designed "to secure the prompt return of children wrongfully removed to or retained in a Contracting State,' and 'to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States".

Paragraphs 1 and 2 of page 3 of the Petition shall be ADMITTED as to the legal standard.

As to the preponderance of the evidence is it ADMITTED that: (1) C.R. is under the age of 16; (2) that San Cristobal, Venezuela was C.R.'s habitual residence from birth until approximately March 16, 2021. It is DENIED that (3) both the removal of C.R. to the United States and his retention here is a breach of the Father's right of custody under Venezuelan law; (4) the Father was exercising his custody rights at the time the Mother wrongfully removed C.R.; and (5) the narrow, discretionary exceptions to mandatory return under the Convention do not apply. In fact, three (3) separate exceptions apply to the matter at hand: (1) The Petition commenced more than one year after removal and the child has become well-settled; (2) there is a grave risk of harm to the child; and (3) the

child objects to the Return.

## II. Jurisdiction and Venue

It is ADMITTED that the Venue is proper in the Middle District of Florida and further that the minor child and Mother, who is the Respondent in this proceeding, reside in said District, that is Orange Park, Clay County, Florida, which is located within the Middle District of Florida.

## III. Status of the Petitioner and Respondent

It is ADMITTED that the Petitioner is C.R.'s biological Father and that he is a citizen of Venezuela and currently resides in San Cristobal, Tachira State, Bolivarian Republic of Venezuela.

It is ADMITTED that the Respondent is C.R.'s biological Mother and that she is a citizen of Venezuela and currently resides in Orange Park, Clay County, Florida.

## IV. Factual Background

It is ADMITTED the both the Mother and Father of C.R. are lawyers in Venezuela. The Mother is without knowledge as to the remaining allegations of said paragraph and accordingly, they are DENIED.

It is ADMITTED that the parties were married on September 11, 2014 and that C.R. was born during 2015.

It is ADMITTED that the parties were divorced on May 15, 2017 and as to that the custody was later modified to provide the Mother with custody and the Father with daytime visitation.

It is ADMITTED that the Mother was prohibited from returning to Venezuela due to the Covid-19 pandemic from March to November 2020. It is DENIED that the C.R. lived solely with the Father. C.R. lived at the paternal grandparents' residence along with the Father. Most of the child rearing duties and responsibilities were exercised by the

paternal grandparents. Upon the Mother's return, the parties resumed their previous custody arrangement.

It is ADMITTED that the Mother removed C.R. from Venezuela on March 16, 2021 and that she notified the Father on March 19, 2021 of the removal of C.R. The remaining allegations are DENIED.

It is DENIED that the Father found out C.R.'s location in December 2021. The Mother informed the Father on March 19, 2021 of the exact location of C.R. along with address and other contact information.

The Mother is without knowledge as to the Father's though processes as to self-help measures and his application process to the Hague, therefore this allegation is deemed DENIED.

NEED RESPONSE FOR PARAGRAPHS pg 6 Sec 1

It is ADMITTED that the Mother appealed the Court's decision. The rest of the allegations in that paragraph are DENIED. The Mother's appeal to the Tribunal Supremo de Justicia which remains pending at this time.

It is DENIED that there are criminal charges pending against the Mother in Venezuela.

It is ADMITTED that the Father holds a valid visa to travel to the United States. The rest of the allegations in the paragraph are DENIED. Venezuela follows Venezuelan Standard Time (VET) which does not follow Daylight Savings Time. Currently, Venezuela is one hour ahead of the United States Eastern Time Zone.

**V.     Argument**

This Section contains Legal Argument not allegations, therefore for formality, this section shall be deemed DENIED.

**VI.    Right to Recovery of Fees, Costs, and Other Expenses**

It is DENIED that the Father is entitled to recover expenses due to the removal from the Mother.

The Mother is without knowledge to the Father's intent of filing a motion and documentation of expenses, therefore the allegations in this paragraph are DENIED.

**Any allegations/statements not expressly addressed herein shall be deemed denied.**

## AFFIRMATIVE DEFENSES

1. **The Child has become Well settled in Florida.**

The Petition in the instant case was not filed in a timely manner and C.R. has become well settled in Florida. The Petition was filed approximately twenty months after C.R. arrived in the U.S. C.R. has become well settled in his new environment, as he is currently seven-and-a-half-years old, has lived in Florida for the last twenty months, has a well-established residence, medical insurance, regularly attends school, maintains fantastic grades, speaks fluent English, has friends, and participates in martial arts and swimming as extra-curricular activities.

2. **Grave Risk of harm to Child**

C.R.'s habitual residence prior to the alleged wrongful removal was Venezuela. Venezuela has been deemed a country suffering a severe humanitarian emergency. C.R. would face grave risk of harm if he was returned to Venezuela. C.R. would face an extreme humanitarian disaster that would leave him without access to proper food and medical care, leaving many children suffering from malnutrition. C.R. is also at grave risk of becoming a victim of violent crime in Venezuela. Furthermore, the Father has a history of abusive tendencies and alcohol abuse deeming a return harmful to C.R. The Mother has filed an Asylum Application on behalf of herself and C.R. due to persecution she suffered in Venezuela.

3. **Child objects to Return**

C.R. wishes to remain in Florida with his Mother. Respondent would request that the Court conduct an in-camera interview of the child to receive evidence of the child's objection to

being returned to Venezuela.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof has been electronically filed with the Clerk of Court, CM/ECF system, thereby furnishing a copy to William Roelke, Attorney for Petitioner, on this __27th__ day of January, 2023.

**Respectfully submitted,**
**TASSONE, DREICER & HILL**

*/s/ Jesse Dreicer, Esq.*
JESSE N. DREICER, ESQ.
FL Bar No. 47505
JAMES P. HILL, ESQ.
FL Bar No. 0073828
SHANNON L. DAY, ESQ.
FL Bar No. 124078
1833 Atlantic Blvd
Jacksonville, FL 32207
(904) 396-3344 Office
(904) 396-3349 Facsimile
jesse@tassonelaw.com
ATTORNEY FOR RESPONDENT