# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CARLOS ALBERTO CUENCA
FIGUEREDO,

    Petitioner,

v.                                          Case No. 3:22-cv-1268-TJC-LLL

YAURI DEL CARMEN ROJAS,

    Respondent.

## **ORDER**

    This case is back before the Court on Petitioner Carlos Alberto Cuenca Figueredo's Motion to Alter or Amend Judgment, for Relief from Order or for Reconsideration. (Doc. 36). On April 18, 2023, the Court denied Petitioner's bid to return minor child C.R. to Venezuela under the Hague Convention.[1] (Docs. 1, 32). Twenty-eight days later, Petitioner filed this sealed motion, which asks the Court to revisit its April 18, 2023 order and grant the Verified Petition. (Doc. 36).[2] Respondent Yauri Del Carmen Rojas has responded under seal in opposition. (Doc. 38).

---

[1] "The Hague Convention" or "Convention" refers to the Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, et seq. (originally located at 42 U.S.C. § 11601).

[2] Petitioner's Motion (Doc. 36) and Respondent's Response (Doc. 38) are both filed under seal with the Court's permission as both discuss Respondent's

Petitioner moves to reconsider under FED. R. CIV. P. 59(e) and FED. R. CIV. P. 60(b)(6). (Doc. 36 at 4–5). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). Rule 60(b)'s catchall provision authorizes relief "from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Neither is appropriate here.

Petitioner's argument for reconsideration is based on discrepancies between Respondent's testimony at the February 14, 2023 evidentiary hearing and the asylum application she provided thereafter. (Doc. 36 at 2–4, 6–7). These factual discrepancies, Petitioner argues, undermine Respondent's likelihood of success on her asylum application and cast doubt on the Court's analysis finding that C.R. is settled in the United States. Id. at 6–7; see (Doc. 32 at 13–14). However, the Court's analysis on this point did not rest on the merits or the projected outcome of Respondent's asylum case. See (Doc. 32 at 13) (expressing "no judgment as to the ultimate merits of [Respondent's] asylum claim"); id. at 12–14 (considering C.R.'s schooling, social life, weekly routine, extracurricular activities, and Respondent's employment in addition to Respondent's asylum timeline and the Secretary of Homeland Security's extension of Temporary

---

sealed asylum application. (Docs. 31, 35, 37).

Protected Status for eligible Venezuelan citizens). The Court's analysis remains unchanged.

Alternatively, Petitioner argues for the first time that the one-year period to timely file a Hague Convention petition should be equitably tolled because Respondent misrepresented her intention to return with C.R. (Doc. 36 at 7). This, Petitioner argues, distinguishes this case from others which denied equitable tolling on the basis of concealment of a child's whereabouts. Id. However, the Supreme Court's prohibition against equitably tolling the Hague Convention's one-year filing period has no apparent exceptions. See Lozano v. Montoya Alvarez, 572 U.S. 1, 14–18 (2014).

Petitioner's motion could otherwise be construed as asking the Court to find that C.R.'s "wrongful removal" occurred in December 2021, which he now argues is when he first learned that Respondent and C.R. were not returning to Venezuela. See (Doc. 36 at 7). Petitioner was free to make this argument before the Court ruled on his petition, but he did not. A motion for reconsideration is not a second bite at the apple. Cf. (Doc. 29 at 23:15–17) (Petitioner's testimony at the evidentiary hearing that Respondent told him in October 2021 that "she would not return, that she would stay in the U.S.").

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion to Alter or Amend Judgment, for Relief from Order or for Reconsideration (Doc. 36) is **DENIED**.

2. Pursuant to the Court's April 18, 2023 Order (Doc. 32), the Clerk is directed to enter **JUDGMENT** in favor of Respondent and against Petitioner.

3. The Court strongly encourages the parties to work out an acceptable visitation plan so that the Petitioner remains an integral part of C.R.'s life.

**DONE AND ORDERED** in Jacksonville, Florida the 10th day of July, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies to:
Counsel of record

4